**Carl SHEDDEN and Betty Shedden, Plaintiffs,**

v.

**WAL–MART STORES, INC., Defendant.**

No. 00–CV–70724–DT.

United States District Court, E.D. Michigan, Southern Division.

Oct. 20, 2000.

Allen S. Miller, Detroit, MI, for plaintiff.

Paul S. Koczkur, Detroit, MI, for defendant.

---

## OPINION AND ORDER TO APPEAR

ROSEN, District Judge.

This negligence action came before the Court on October 19, 2000 for final pretrial/settlement conference convened pursuant to Fed. R. Civ. Pro. 16 and Eastern District of Michigan Local Rule 16.1. Counsel for Defendant Wal–Mart appeared for said conference and was accompanied by a co-manager of the local store involved in the instant action.

Fed. R. Civ. Pro. 16(a) provides, in pertinent part:

In any action the court in its discretion may direct the attorneys for the parties . . . to appear for a conference . . . for such purposes as . . . facilitating the settlement of the case.

Subsection (c) of Rule 16 further provides:

At any conference under this rule consideration may be given, and the court may take appropriate action with respect to

\* \* \* \* \* \*

settlement. . . and such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.

. . . If appropriate, the court may require that a party or its representative be present. . . in order to consider possible settlement of the dispute.

Fed. R. Civ. Pro. 16(c).

Eastern District of Michigan Local Rule 16.1(c) similarly provides:

Each party shall be represented in the pretrial conference by at least one attorney who . . . shall be possessed of information and authority adequate for responsible and effective participation in it for all purposes, including settlement. Furthermore, at all conferences designated as settlement conferences, all parties shall be present. . . .

L.R. 16.1(c).

The requirement that counsel and parties with settlement authority be present is reiterated in the Court's March 7, 2000 Scheduling Order in this case. Paragraph 7 of the Scheduling Order explicitly states in bold print:

FINAL PRETRIAL SETTLEMENT CONFERENCE IS SCHEDULED FOR 10/19/00. TRIAL COUNSEL MUST BE PRESENT. CLIENTS, OR THOSE WITH AUTHORITY TO ENGAGE IN SETTLEMENT NEGOTIATIONS, SHALL ALSO BE PRESENT. THERE WILL BE **NO EXCEPTIONS** TO THIS REQUIREMENT OTHER THAN IN THE MOST DIRE AND EXTREME EMERGENCIES.

As indicated, Wal–Mart's attorney and the co-manager of the local store involved in this action attended the October 19, 2000 final pre-trial/settlement conference. Counsel for Wal–Mart represented at the conference that while Wal–Mart's store managers ostensibly have authority "to engage in settlement negotiations", it is Wal–Mart's general litigation policy to not settle judicial actions brought by its customers. Adhering to that policy, counsel represented that Wal–Mart had nothing to discuss with the Court and Plaintiffs with respect to settlement. The Court's efforts to facilitate settlement in this matter being thus frustrated by Wal–Mart's asserted litigation policy, the matter has been set for trial on November 20, 2000.

This case is not the Court's first experience with Wal–Mart and its assertion of a "no settlement" litigation policy. Wal–Mart took the exact same position it has taken in this case in another case before this Court in March of this year.[1] The Court specifically told Wal–Mart and its counsel at the final pre-trial/settlement conference in that case that the next time Wal–Mart attended a final pre-trial/settlement conference and relied upon its "no settlement" litigation policy when the time came for discussing settlement, it would require the attendance at trial of its general counsel or some other corporate officer with litigation policy authority.

Fed. R. Civ. Pro. 16(f) provides that "[i]f a party or a party's attorney fails to obey a scheduling order or pretrial order, *or if a party or a party's attorney is substantially unprepared to participate in the conference or fails to participate in good faith,* the judge, upon motion, or upon his own initiative, may make such orders with regard thereto as are just. . . ."

The Court views Wal–Mart's pre-trial conference tactics as nothing less than an attempt to circumvent the court rules and this Court's Scheduling Order. By presenting itself through a representative who ostensibly has authority to engage in settlement negotiations Wal–Mart remains in technical compliance with the Rules and the Court's Orders but it frustrates any possible settlement discussion by asserting its "no settlement" litigation policy.

Because Wal–Mart's asserted "no settlement" litigation policy will require the Court to expend substantial judicial time and resources in a trial which might have been avoided if Wal–Mart had been willing to engage in meaningful settlement negotiations, the Court finds that it would be just to require the attendance at trial of Wal–Mart's general counsel or some other Wal–Mart corporate officer with litigation policy authority.

The Court recognizes that a party has the right to refuse to offer any money for settlement in a given case and the court cannot require a party to make a monetary settlement offer in any given case. (Indeed, one might find it refreshing for a party to take a "principled stand" against settlement in a given case.) However, in the Court's view, an across-the-board policy of refusing to negotiate frustrates both the letter and spirit of both the Federal Rules of Civil Procedure and this Court's Local Rules, which encourage good faith settlement efforts in order to preserve scarce judicial resources. Here, the Court is, in fact, not even requiring Wal–Mart to engage in settlement negotiations. It is simply requiring Wal–Mart's General Counsel, or other responsible corporate officer, to be present for trial, as the Court believes that requiring the attendance of such a Wal–Mart official during trial could have a salutary effect in that the responsible officer would have an opportunity to observe first-hand the effect of the company's policy both on the Court in general and in a particular case. Certainly, if this policy is important enough for Wal–Mart to persist in, then it is not asking too much for a responsible corporate officer to be present for trial.

More specifically, the Court is persuaded that ordering the attendance at trial of the general counsel (or some other corporate officer with litigation policy authority) is particularly appropriate in this case because the undisputed facts clearly establish that there is a jury-submissible material issue of fact as to Wal–Mart's liability, as reflected in the Court's denial of Wal–Mart's motion for summary judgment, and the Court believes that virtually any such case has some settlement value. Indeed, in this case, Wal–Mart has not disputed that Mr. Shedden was hit on the head by a falling camp stove occasioned by its salesperson attempting to take two boxes off a high shelf at the same time, and Wal–Mart has effectively acknowledged that Plaintiffs have made out a claim for more than nominal damages as it removed this action from state court by representing to this Court in its removal petition that Plaintiffs' damages, if believed by a jury, exceed $75,000. *See also* Defendant's Response to Order to Show Cause Why Remand to Cir-

---

1. The Court is also aware that Wal–Mart has taken this position with other judges in the East-

ern District of Michigan.

cuit Court Would Be Inappropriate. (Adding lost wages, loss of earning capacity, the orthopedic injuries alleged and the loss of consortium claim to the claim of brain damage, "there is no question that the amount sought by the plaintiffs is self-evidently greater than the jurisdictional threshold of Seventy–Five Thousand ($75,000.00) Dollars." *Id.* at p. 4.)

As the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan make clear, the Court has an obligation to effectuate and facilitate expeditious and inexpensive resolutions of cases before it in order to preserve judicial resources. Having specifically invoked the jurisdiction of this Court, Defendant Wal–Mart's circumvention of the pre-trial settlement conference rules governing actions in this Court cannot be simply ignored.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Wal–Mart's General Counsel or some other corporate officer with "litigation policy" authority shall personally appear before the Court and attend the trial of this cause scheduled to commence on November 20, 2000.